| | |
|---|---|
| | The Honorable Timothy W. Dore |
| | Chapter 11 |
| | Hearing Date: June 6, 2025 Pending Shortened Time Ruling |
| | Hearing Time: June 6, 2025 Pending Shortened Time Ruling |
| | Location: United States Bankruptcy Court |
| | Courtroom 7206 |
| | 700 Stewart St, Room 6301 |
| | Courtroom 7206 |
| | Seattle, WA 98101 |
| | Response date: TBD Pending Shortened Time Ruling |

UNITED STATES BANKRUPTCY COURT
FOR DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>DAY SURGERY COMPANIONS SERVICES, LLC,<br><br>Debtor, | Case No.: 25-11318-TWD<br><br>CHAPTER 11<br><br>MOTION FOR COMFORT ORDER CONFIRMING THAT NO STAY IS IN EFFECT AS TO 7743 SEWARD PARK AVENUE SOUTH<br>OR, IN THE ALTERNATIVE, MOTION TO ANNUL THE AUTOMATIC STAY |

### I. MOVING PARTY

Comes now interested party Capital Properties, LLC, through undersigned counsel Seth Goodstein and ROI Law Firm, PLLC and moves the Court for the orders required to affirm a foreclosure sale as a matter of bankruptcy law.

MOTION FOR COMFORT ORDER CONFIRMING THAT NO STAY IS IN EFFECT AS TO 7743 SEWARD PARK AVENUE SOUTH OR, IN THE ALTERNATIVE, MOTION TO ANNUL THE AUTOMATIC STAY NUNC PRO TUNC - 1

**ROI LAW FIRM pllc**
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

## II. RELIEF REQUESTED

This Motion requests the Court remedy abuse of the bankruptcy system, which Judge Alston deemed "egregious" earlier this year. Tr. 8:21-9:2 January 9, 2025, Case No. 24-12339-CMA. Ex. 4 to *Dec'l Goodstein*. Capital Properties, LLC respectfully requests that this Court enter an order under 11 U.S.C. § 362(j) confirming that no automatic stay is or was in effect with respect to the real property located at 7743 Seward Park Avenue South, Seattle, Washington 98118 (the "Premises"). In the alternative, Capital Properties seeks annulment of the automatic stay pursuant to 11 U.S.C. § 362(d), nunc pro tunc to May 15, 2025, to validate a foreclosure sale conducted on May 16, 2025.

## III. FACTUAL BACKGROUND

1. On May 15, 2025, this Chapter 11 petition was purportedly filed in the name of Day Surgery Companions Services, LLC ("DSCS"). **Dkt. 1.** DSCS is a delinquent Washington limited liability company. Ex. 6 to *Dec'l Goodstein*. The Petition was purportedly signed by Laree Lee Cooper (a/k/a Laree Cobb), the sole member of DSCS. **Dkt. 1.** The Petition identifies two creditors, Ms. Cooper's personal mortgage lender and a single unsecured creditor. *Id*. Prior court filings asserting Ms. Cooper's complete medical incapacity raise serious concern whether the petition was authorized or executed by any competent individual. Dkt. 14 in 24-12339-CMA. This Petition was a last-ditch effort to avoid a noticed foreclosure auction of Ms. Cooper's residence, the Premises, by way of new debtor syndrome. There have been at least ten notices of trustee's sale recorded against the Premises, most of which have been frustrated by last minute cover sheet bankruptcy filings. *Dec'l Goodstein*. The arrearage on the Premises' mortgage has grown to $199,144.18. *Notice of Tr.'s Sale*. Ex. 1 to *Dec'l Johnson*.

MOTION FOR COMFORT ORDER CONFIRMING
THAT NO STAY IS IN EFFECT AS TO 7743
SEWARD PARK AVENUE SOUTH
OR, IN THE ALTERNATIVE, MOTION TO
ANNUL THE AUTOMATIC STAY NUNC PRO
TUNC - 2

**ROI LAW FIRM pllc**
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Case 25-11318-TWD    Doc 10    Filed 06/04/25    Ent. 06/04/25 10:55:27    Pg. 2 of 13

2. On May 16, 2025, the day after the Petition, **Dkt. 1**, was filed, a nonjudicial foreclosure sale was conducted concerning the Premises. *Dec'l McDonald*. Capital Properties, LLC purchased the Premises at that public sale and paid the price for the Premise to the foreclosure trustee on the spot. *Dec'l Johnson*.

3. At the time of the sale, Capital Properties had no actual or constructive knowledge of the bankruptcy filing. *Dec'l Johnson*. No notice was served upon Capital Properties, the foreclosure trustee, or the secured creditor. *Dec'l McDonald*. This is because DCSC did not own the property at the time of the Petition and Ms. Cooper's bar order was discovered. *Dec'l McDonald & Deds* Ex. 1-2 to *Dec'l Goodstein*

4. The borrower, Ms. Cooper, did not take the presale steps to pursue statutory cure or injunction. *Dec'l Goodstein*. She just filed serial bankruptcy petitions. *Id*.

5. Capital Properties acted in good faith, incurring substantial financial and now legal costs in reliance on the finality of the foreclosure, including the cost of interim loan interest, insurance, security, and post-sale legal compliance. *Dec'l Johnson*.

6. Also on May 16, 2025, a day after the Petition was filed, a quitclaim deed purporting to transfer the Premises from Ms. Cooper to DSCS was executed post-petition and recorded without consideration. *Deed & Real Est. Excise Tax Aff.* Ex. 1 to *Dec'l Goodstein*. The Deed was notarized months after it was purportedly signed. *Id*.

7. DSCS is not represented by counsel, and on May 16, 2025, the Court issued an Order to Show Cause requiring the entity to explain why the case should not be dismissed for lack of legal representation. **Dkt. 4.**

MOTION FOR COMFORT ORDER CONFIRMING
THAT NO STAY IS IN EFFECT AS TO 7743
SEWARD PARK AVENUE SOUTH
OR, IN THE ALTERNATIVE, MOTION TO
ANNUL THE AUTOMATIC STAY NUNC PRO
TUNC - 3

ROI LAW FIRM pllc
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel: (253 753-1530
Fax: (253) 753-1532

Case 25-11318-TWD    Doc 10    Filed 06/04/25    Ent. 06/04/25 10:55:27    Pg. 3 of 13

8. On May 19, 2025, four days after the Petition was filed, another quitclaim deed without consideration purporting to transfer the Premises from Ms. Cooper to DSCS was recorded. *2d. Deed & 2d. Real Est. Excise Tax Aff.* Ex. 2 to *Dec'l Goodstein.*

9. Ms. Cooper AKA Cobb has filed at least eleven prior Chapter 13 cases since 2002, nearly all dismissed without plan confirmation. *See, Generally, Dec'l Goodstein.*

10. On January 9, 2025, Judge Alston dismissed her eleventh case with a one-year bar, citing 'egregious' abuse of the system and deliberate failure to comply with court orders. Tr. Ex. 4 to *Dec'l Goodstein*. This hearing has been transcribed for the benefit of this Court and this Motion. The bar order was entered on January 10, 2025. Dkt. 29 in 24-12339-CMA.

11. On November 18, 2024, Diondre Cobb filed declarations claiming Ms. Cooper was incapacitated by strokes and unable to participate in legal proceedings. Dkt. 14 in 24-12339-CMA. Mr. Cobb claims to be the "executor of the estate" for Ms. Cooper, and her "power of attorney", without further substantiating those alleged positions.

12. In reliance on Cobb documents, Judge Alston delayed the dismissal and bar order hearing from November 22, 2024 for about six weeks and ordered Mr. Cobb to appear at the bar order and dismissal hearing in 24-12339-CMA. Dkts. 15, 19 therein.

13. Neither Mr. Cobb nor Ms. Cooper appeared at the bar order and dismissal hearing, which resulted in an order barring Ms. Cooper from filing any Petition under Title 11 for a year. Tr. Ex. 4 to *Dec'l Goodstein*.

14. The existence of a new bankruptcy filing in the name of her LLC raises serious questions as to whether Ms. Cooper had the capacity or authority to initiate the petition at all. Or, she substantially mislead the bankruptcy court, as Judge Alston concluded. *Tr.* Ex. 4 to *Dec'l Goodstein*.

MOTION FOR COMFORT ORDER CONFIRMING
THAT NO STAY IS IN EFFECT AS TO 7743
SEWARD PARK AVENUE SOUTH
OR, IN THE ALTERNATIVE, MOTION TO
ANNUL THE AUTOMATIC STAY NUNC PRO
TUNC - 4

ROI LAW FIRM pllc
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Case 25-11318-TWD    Doc 10    Filed 06/04/25    Ent. 06/04/25 10:55:27    Pg. 4 of 13

15. The existence of this new petition is in direct contempt of the prior bar order.

16. This Petition builds on, and compounds, the already "egregious" conduct labelled by Judge Alston. The instant Petition adds many issues to the prior eleven. It is contempt of court, implicates new debtor syndrome, raises fraudulent transfer issues under state law, invites the court to apply the nullity rule regarding entities unrepresented by counsel, and the totality of circumstances raise questions under 11 USC 301 if there has been a signed petition at all.

## IV. ARGUMENT

A. <u>A Comfort Order is Warranted Because the Premises Did Not Enter the Bankruptcy Estate Because DSCS Had No Interest on the Petition Date</u>

Under 11 U.S.C. § 541(a), property of the estate is limited to legal or equitable interests held by the debtor as of the commencement of the case. On May 15, 2025—the petition date—DSCS held no interest in the Premises. The quitclaim deed was executed post-petition and for no consideration. A post-petition transfer cannot retroactively establish estate property status. Therefore, the foreclosure sale did not violate any stay because collection efforts regarding the Premises were not stayed, and a comfort order under 11 U.S.C. § 362(j) or 362(c) is appropriate.

In 2023, the local rules for this District were amended. Prior to the amendment of the rules, motions for comfort order were to have been noted in accordance with Rule 9013, and twenty-one (or twenty) days of notice. Now, these orders are governed by the federal Rules and the Code, which do not provide a particular timeframe for such a hearing, other than "promptly", which may be something different than twenty days. 11 U.S.C. § 362(c)(4)(A)(ii).

The Movant requests the Court issue a comfort order contemporaneously with its ruling on show cause.
MOTION FOR COMFORT ORDER CONFIRMING THAT NO STAY IS IN EFFECT AS TO 7743 SEWARD PARK AVENUE SOUTH OR, IN THE ALTERNATIVE, MOTION TO ANNUL THE AUTOMATIC STAY NUNC PRO TUNC - 5

ROI LAW FIRM pllc
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Case 25-11318-TWD    Doc 10    Filed 06/04/25    Ent. 06/04/25 10:55:27    Pg. 5 of 13

B. A Comfort Order is Warranted Because the Petition Is Void Due to Uncounseled Corporate Filing and Should Be Stricken

"The law is clear that a corporation can be represented only by a licensed attorney". *In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999), *citing United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir.1993) (Affirming that non lawyer sole shareholder and president cannot represent corporation). The Supreme Court described the few lower court cases that allowed corporate nonlawyer members to appear in federal court as "aberrant" and made a bright line rule that 28 USC § 1654 prohibits it. *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993). This Court's website advises that non attorneys cannot represent an entity. https://www.wawb.uscourts.gov/filing-without-attorney-0 accessed May 21, 2025.

Although corporations are eligible to file a petition for relief under the Bankruptcy Code, corporations, nonetheless, are artificial persons that cannot represent themselves pro se through non attorney officers. *In re Video Sys. Design & Sales*, 129 B.R. 196 (Bankr. W.D. Mo. 1991). The majority cases are uniform that a corporation may only appear through an attorney and may not file a bankruptcy petition pro se. *In re Dick Tracy Ins. Agency*, 204 B.R. 38 (Bankr. W.D. Mo. 1997); *In re Beall Court Ltd. Partnership*, 155 B.R. 20 (Bankr. Dist. Col. 1993); *In re Bellerive Springs Bldg. Co.*, 127 B.R. 219, 220 (Bankr. E.D. Mo. 1991) (corporation filing pro se is without legal effect and must be stricken and the case dismissed); *In re Child Life, Inc.*, 126 B.R. 51 (Bankr. N.D. Ohio 1991) (same). The filing of a bankruptcy petition on behalf of a corporation by a non-attorney is the unauthorized practice of law and any such petition should be dismissed as null and void. *In re Dick Tracy Ins.*, 204 B.R. at 39. This is the "nullity rule".

MOTION FOR COMFORT ORDER CONFIRMING THAT NO STAY IS IN EFFECT AS TO 7743 SEWARD PARK AVENUE SOUTH OR, IN THE ALTERNATIVE, MOTION TO ANNUL THE AUTOMATIC STAY NUNC PRO TUNC - 6

ROI LAW FIRM pllc
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel:  (253 753-1530
Fax:  (253) 753-1532

Case 25-11318-TWD    Doc 10    Filed 06/04/25    Ent. 06/04/25 10:55:27    Pg. 6 of 13

The minority rule in the seventh and eleventh circuit is that a pro se petition is not necessarily a nullity absent adverse consequences of the filing error. *In re IFC Credit Corp.*, 663 F.3d 315, 321 (7th Cir. 2011). This seeks to prevent a fully litigated bankruptcy case from being dismissed at a late stage on subject matter grounds. This approach is also advised by lenient state court treatment of the same issue. *Id*.

This Court should follow the nullity rule. Washington State's law against nonlawyer pleading is quite strict. *Dutch Village Mall v. Pelletti*, 162 Wn.App 531, 539, 256 P.3d 1251 (2011). The *Dutch Village Mall* court established a "patently clear" rule against nonlawyer representation of an entity with sufficient clarity that it could be the basis for sanctions from that point forward. *Id*. at 539-540. The Court should follow the nullity rule, which would support entry of a comfort order confirming no stay was in effect.

Even the minority rule supports nullifying the Petition in this factual circumstance. Judge Alston already articulated great interest in completing the foreclosure of the Premises. Tr. 4:5–5:9, January 9, 2025, Case No. 24-12339-CMA. The Movant and other parties are harmed by the filing error. Had Ms. Cooper, or whoever oversees Ms. Cooper's affairs, hired an attorney, an attorney would not have facilitated this scheme for fear of their license. The Movant, for its part, has not invited further litigation based on the defective petition. Rather, the movant has promptly ordered and obtained transcription of the relevant Judge Alston hearing and expeditiously turned around this very non-standard motion and brief as soon as possible.

C. <u>A comfort Order is Warranted Because The Filing Violated a Standing Bar Order Entered in Prior Case</u>

The Petition is a willful evasion of a bankruptcy bar order. Under 11 U.S.C. §§ 105(a) and 349(a), bankruptcy courts have the authority to dismiss cases with prejudice and impose

MOTION FOR COMFORT ORDER CONFIRMING
THAT NO STAY IS IN EFFECT AS TO 7743
SEWARD PARK AVENUE SOUTH
OR, IN THE ALTERNATIVE, MOTION TO
ANNUL THE AUTOMATIC STAY NUNC PRO
TUNC - 7

ROI LAW FIRM pllc
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel: (253 753-1530
Fax: (253) 753-1532

Case 25-11318-TWD    Doc 10    Filed 06/04/25    Ent. 06/04/25 10:55:27    Pg. 7 of 13

refiling bars to prevent abuse of the bankruptcy system. The individual who signed this Petition is named in the bar order and prohibited from filing any cases under title 11 until January 10, 2026. Tr. 5:25–6:5, January 9, 2025, Case No. 24-12339-CMA.

Ms. Cooper was barred from filing any bankruptcy case under Title 11 for one year beginning January 10, 2025. The bar was ordered in Case No. 24-12339-CMA after Judge Alston found extreme abuse of the bankruptcy system, including eleven prior filings since 2002, chronic failure to meet deadlines, and a pattern of foreclosure-motivated filings with no real intent to reorganize. Tr. 7:6–7:15, January 9, 2025, Case No. 24-12339-CMA. The current petition is a transparent and deliberate attempt to circumvent that bar by using a dormant LLC that Ms. Cooper wholly controls. Tr. 5:10–6:9, January 9, 2025, Case No. 24-12339-CMA.

Judge Alston was adamant that the bar order take effect for a year, and not the standard 180 days, due to Ms. Cooper's egregious misconduct. Tr. 8:21-9:2 January 9, 2025, Case No. 24-12339-CMA. Even though this purported Debtor was not nominally included in the bar order, Judge Alston barred Ms. Cooper from filing the any Petitions. Tthe bar order applies to Ms. Cooper as an individual. Taken at face value, Ms. Cooper signed and filed the Petition. This Petition was a bald attempt to end run the bar order in extreme disrespect of Judge Alston; which is contempt.

Bankruptcy courts have the power to impose civil contempt. *See Caldwell v. Unified Capital Corp.* (*In re Rainbow Magazine, Inc.*), 77 F.3d 278, 284–85 (9th Cir.1996). To hold a party in contempt, the bankruptcy court must find that the party "violated a specific and definite order of the court." *Knupfer v. Lindblade* (*In re Dyer*), 322 F.3d 1178, 1191 (9th Cir.2003). Cases cited. "Technical or inadvertent violations of the order are not fatal to a substantial compliance defense where the party has taken all reasonable steps to comply with the court

MOTION FOR COMFORT ORDER CONFIRMING
THAT NO STAY IS IN EFFECT AS TO 7743
SEWARD PARK AVENUE SOUTH
OR, IN THE ALTERNATIVE, MOTION TO
ANNUL THE AUTOMATIC STAY NUNC PRO
TUNC - 8

ROI LAW FIRM pllc
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel: (253 753-1530
Fax: (253) 753-1532

order...." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir.1986). Internal citation omitted. It is clear from Ms. Cooper (or Ms. Cooper's enterprise) actions that Cooper understood the content of the order. Ms. Cooper understands the bankruptcy Code well enough to egregiously manipulate it. This is what drove her to engage in affirmative steps in furtherance of a new debtor syndrome maneuver to attempt to maneuver around the bar order.

D. Annulment is Warranted Because The Petition Is an Archetype of "New Debtor Syndrome" and Was Filed in Bad Faith

This case presents many classic signs of "new debtor syndrome": transfer of distressed real property to a newly revived corporate entity; transfer close in time to foreclosure; lack of consideration; lack of operations, employees, or unsecured debts; and use of the filing solely to impede creditor rights. *In re Yukon Enterprises, Inc.*, 39 B.R. 918, 921 (Bankr. C.D. Cal. 1984). The transfer here occurred within one to four days after the petition, and the Debtor LLC was revived solely to file this case, making the filing both procedurally void and substantively abusive.

The *Yukon Enterprises* court identified seven "badges" of new debtor syndrome:

(1) The transfer of distressed real property into a newly created or dormant entity, usually a partnership or corporation;

(2) The transfer occurring within close proximity to the filing of the bankruptcy case;

(3) No consideration being paid for the transferred property other than stock in the debtor;

(4) The debtor having no assets other than the recently transferred, distressed property;

(5) The debtor having no or minimal unsecured debts;

(6) The debtor having no employees and no ongoing business; and

MOTION FOR COMFORT ORDER CONFIRMING
THAT NO STAY IS IN EFFECT AS TO 7743
SEWARD PARK AVENUE SOUTH
OR, IN THE ALTERNATIVE, MOTION TO
ANNUL THE AUTOMATIC STAY NUNC PRO
TUNC - 9

**ROI LAW FIRM pllc**
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Case 25-11318-TWD    Doc 10    Filed 06/04/25    Ent. 06/04/25 10:55:27    Pg. 9 of 13

(7) The debtor having no means, other than the transferred property, to service the debt on the property.

39 B.R. at 921. Each of the seven bad faith elements that can be determined even at this stage of deficient filing. The Debtor is a delinquent limited liability company whose sole member is Ms. Cooper. Ex. 6 to *Dec'l Goodstein*. Ms. Coooper purported to transfer the residential property at issue to the Debtor the day after the nonjudicial trustee's sale occurred, or four days after the trustee's sale occurred. Ex. 1-2 to *Dec'l Goodstein*. There was no consideration for the transfer, at all. *Id*. A review of Petition indicates the Debtor has no assets other than the recently transferred property. The Debtor has scheduled just one unsecured creditor. **Dkt. 1**. The Debtor is not a valid, active entity and must not have employees and ongoing business. The Debtor is also reportedly medically totally incapacitated, and, since Judge Alston relied on these assertions in entering an order, this is true as a matter of law and judicial estoppel. The timing of this Petition in relation to foreclosure establishes that the Debtor, or Ms. Cobb has no means of retaining the home absent willful abuse of the bankruptcy system. The remedy for new debtor syndrome includes annulment of the stay.

11 U.S.C. 362(d) empowers the Court to grant relief from the automatic stay, including validation of a postpetition foreclosure sale. *In re Williams*, 323 B.R. 691, 700 (B.A.P. 9th Cir. 2005), *aff'd*, 204 F. App'x 582 (9th Cir. 2006), and abrogated[1] by *In re Perl*, 811 F.3d 1120 (9th Cir. 2016) In *In re Fjeldsted*, 293 B.R. 12, 24–25 (9th Cir. BAP 2003), the Ninth Circuit BAP approved consideration of additional factors by the bankruptcy court, including: the number of filings; the extent of any prejudice, including to a bona fide purchaser; the debtor's overall good

---

[1] The abrogation relied on a prior version of California law, the case would probably not be decided the same way currently.

MOTION FOR COMFORT ORDER CONFIRMING
THAT NO STAY IS IN EFFECT AS TO 7743
SEWARD PARK AVENUE SOUTH
OR, IN THE ALTERNATIVE, MOTION TO
ANNUL THE AUTOMATIC STAY NUNC PRO
TUNC - 10

ROI LAW FIRM pllc
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel:   (253) 753-1530
Fax:  (253) 753-1532

Case 25-11318-TWD    Doc 10    Filed 06/04/25    Ent. 06/04/25 10:55:27    Pg. 10 of 13

faith; the debtor's compliance with the Code; how quickly the creditor moved for annulment; and how quickly the debtor moved to set aside the sale. "Mindful that such lists [of factors] are capable of being misconstrued as inviting arithmetic reasoning, we emphasize that these items are merely a framework for analysis and not a scorecard". One factor may so outweigh the others as to be dispositive. 293 B.R. at 25.

Many of the factors identified in *In re Fjeldsted*, 293 B.R. 12, support annulment:

1. The mortgage trustee and Capital Properties had no notice of the bankruptcy filing.
2. Capital Properties is an arm's length foreclosure bidder.
3. The foreclosure sale was conducted in accordance with state law.
4. Capital Properties relied in good faith and incurred substantial financial obligations.
5. The debtor's conduct was egregious and part of a long pattern of bad faith.
6. There is no prejudice to any legitimate creditor or estate interest.
7. The Petition was filed in contempt of an order entered under authority of the Code.
8. The Debtor has not remedied its deficient conduct under the deficient filing and show cause orders.
9. Capital Properties has promptly moved for an order.
10. The Debtor has engaged in new debtor syndrome.

These circumstances speak to all twelve of the express factors. All weigh heavily in favor of annulment.

F. <u>The Court should make an order effective immediately.</u>

The movant requests that the court's order take effect immediately by waiver of the Rule 4001(a)(4) fourteen day stay. The is the appropriate remedy for the Debtor's misconduct and avoids further carrying charges accruing to the Movant.

MOTION FOR COMFORT ORDER CONFIRMING THAT NO STAY IS IN EFFECT AS TO 7743 SEWARD PARK AVENUE SOUTH OR, IN THE ALTERNATIVE, MOTION TO ANNUL THE AUTOMATIC STAY NUNC PRO TUNC - 11

ROI LAW FIRM pllc
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Case 25-11318-TWD    Doc 10    Filed 06/04/25    Ent. 06/04/25 10:55:27    Pg. 11 of 13

# IV. CONCLUSION

Capital Properties, LLC therefore respectfully requests that the Court:

1. Enter an order under 11 U.S.C. § 362(j) confirming that the automatic stay never applied to the Premises; or alternatively

2. Enter an order annulling the automatic stay nunc pro tunc to May 15, 2025 under 11 U.S.C. § 362(d); and

3. Authorize the Movant to take all steps necessary to complete the foreclosure, including receiving a trustee's deed, recording it, and evicting all occupants at the Premises in accordance with state law.

4. Waive the fourteen day stay under Rule 4001(a)(4).

DATED this 4th day of June, 2025.

**ROI LAW FIRM, PLLC**

By: /s/ Seth Goodstein
Seth Goodstein, WSBA # 45091
ROI Law Firm, PLLC
1302 North I Street, Ste. C
Tacoma, WA 98403
Telephone: 253-753-1530
Fax: 253-753-1532
*Attorneys for Capital Properties, LLC*

MOTION FOR COMFORT ORDER CONFIRMING THAT NO STAY IS IN EFFECT AS TO 7743 SEWARD PARK AVENUE SOUTH OR, IN THE ALTERNATIVE, MOTION TO ANNUL THE AUTOMATIC STAY NUNC PRO TUNC - 12

**ROI LAW FIRM pllc**
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Case 25-11318-TWD    Doc 10    Filed 06/04/25    Ent. 06/04/25 10:55:27    Pg. 12 of 13

## CERTIFICATE OF SERVICE

I, Seth Goodstein, hereby certify that on June 4, 2025, I served the following documents: Declaration of Counsel, Declaration of Member, Declaration of Robert McDonald, Motion for Comfort and Proposed Order on Day Surgery Companions Services LLC, the Debtor, and Ryan S. Moore, the U.S. Trustee, as follows:

| | |
|---|---|
| **Day Surgery Companions Services LLC**<br>7743 Seward Park Ave S<br>Seattle, WA 98118 | ☒ U.S. Mail<br>☐ Personal Service<br>☐ Fax<br>☐ ECF Service<br>☐ E-mail |
| **Ryan S Moore**<br>DOJ-Ust<br>700 Stewart Street<br>Ste 5103<br>Seattle, WA 98101<br>206-553-2000<br>Email: ryan.moore@usdoj.gov | ☒ U.S. Mail<br>☐ Personal Service<br>☐ Fax<br>☒ ECF Service<br>☐ E-mail |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 4th day of June 2025.

/s/Seth Goodstein
Seth Goodstein

MOTION FOR COMFORT ORDER CONFIRMING THAT NO STAY IS IN EFFECT AS TO 7743 SEWARD PARK AVENUE SOUTH OR, IN THE ALTERNATIVE, MOTION TO ANNUL THE AUTOMATIC STAY NUNC PRO TUNC - 13

**ROI LAW FIRM pllc**
1302 North I Street, Ste. C
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Case 25-11318-TWD    Doc 10    Filed 06/04/25    Ent. 06/04/25 10:55:27    Pg. 13 of 13